Scileppi, J.
(dissenting). While it is true that normally an arrest for a traffic infraction such as speeding, passing a stop light, unlawful parking and the like, may not justify a search of the person, we see a very real distinction between an arrest for those offenses and an arrest pursuant to a “ scofflaw ” warrant issued out of the Criminal Court of the City of New York. For most traffic infractions, the defendant is merely issued a summons to answer for that offense at some later time or place. Thus, standing alone, an arrest for an ordinary traffic infraction could not, absent other circumstances, suffice as the predicate for an “ incidental ” search. However, under a warrant of arrest, the defendant is to be taken into custody in the same manner as if he were being arrested for a felony, at least to the extent that he would not merely be served with a piece of paper and told to go on his way. He would have to accompany the police officer to court, if court were in session, or to the police station to await the convening of court. Under these circumstances, we believe it would be unnecessary and perhaps hazardous to deny a police officer the right to search when a defendant is being taken into custody of greater extent than the temporary custody that surrounds the original arrest for a traffic violation (see Preston v. United, States, 376 U. S. 364, 367-368).
It is a well-recognized principle that evidence obtained as the result of a reasonable search incident to a lawful arrest is admissible (United States v. Rabinowitz, 339 U. S. 56, 63-64; People *104 v. Loria, 10 N Y 2d 368, 373). Under the facts of this case, we would hold the search herein to have been reasonable and would affirm.
Opinion by Chief Judge Fuld. All concur, Judge Breitel in result, except Judge Scileppi who dissents in an opinion in which Judge Burke concurs.
Judgment reversed, etc.